IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00239-CR

 

Edward Charles Holland,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the Criminal District
Court

Jefferson County, Texas

Trial Court No. 91161

 



MEMORANDUM  Opinion



 








          Edward Holland was indicted for the
felony offense of aggravated robbery.  Tex.
Pen. Code Ann. § 29.03 (Vernon 2003).  He pled not guilty and was tried
before a jury.  The jury found him guilty, found that he had previously been
convicted of a felony offense, and assessed punishment at thirty years’
confinement.  Holland argues that the evidence is legally and factually insufficient
to sustain the verdict.  The premise of his argument is that the guilty verdict
was based upon uncorroborated testimony of an accomplice witness.

          We will overrule his issues and affirm
the judgment.

 

BACKGROUND

           The alleged robbery took place at the
home of Roderick Morris and his mother.  According to the State’s witnesses,
ten to fifteen persons were in the house at the time of the robbery.  Witnesses
testified that two black males forcibly entered the house through the back
door.  The men were carrying handguns and wearing masks and gloves.  The men
ordered everyone to get on the floor.  Two witnesses testified to being kicked
by one of the men.  One of the witnesses testified to giving the men his
money.  Morris testified that he was at his home when the two men entered.  He
ran out of the house and called the police from a neighbor’s house.  He
described to the police the vehicle parked in front of the house.  Beaumont police stopped a vehicle matching the description provided by Morris.  Holland was the driver of that vehicle.  The passenger of the vehicle fled on foot. 
Leonce Monroe testified that he was the passenger that fled and that he was Holland’s accomplice in committing the robbery.

          Holland’s legal and factual
insufficiency arguments are premised on his claim that Monroe’s testimony was
uncorroborated.  An accomplice witness is someone who participated before,
during, or after the commission of the crime, to the extent that he can be
charged with the offense or with a lesser-included offense.  Herron v. State,
86 S.W.3d 621, 631 (Tex. Crim. App. 2002).  Article 38.14 states: “A conviction
cannot be had upon the testimony of an accomplice unless corroborated by other
evidence tending to connect the defendant with the offense committed; and the
corroboration is not sufficient if it merely shows the commission of the
offense.”  Tex. Code Crim. Proc. Ann.
art. 38.14 (Vernon 2005).  In conducting a sufficiency review under the
accomplice witness rule, we eliminate the accomplice testimony from
consideration and then examine the remaining portions of the record to
determine if there is any evidence that tends to connect the accused with the
commission of the crime.  Soloman v. State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001).  The corroborating evidence need not be sufficient by itself to
establish guilt.  Id.

          The record contains sufficient evidence to connect Holland with the offense.  Witnesses described the robbers as two black males, one large
and heavy set and one smaller and skinnier.  The witnesses testified that the
smaller male was wearing yellow gloves, a black leather coat, and old blue Nike
shoes.  A black leather coat and yellow rubber gloves were found inside the
vehicle Holland was driving at the time of his arrest.  Holland was also
wearing blue shoes matching the witnesses’ description.  Morris described the
vehicle that was parked in front of his house during the robbery as champagne
colored with a maroon top.  Holland was driving a vehicle matching that
description.  Witnesses testified that the heavier robber carried a nine
millimeter handgun and the skinny one carried a .38 revolver with a brown
handle.  The officer that pursued the vehicle driven by Holland backtracked the
route and found two handguns—a nine millimeter and a .38 revolver—on a
sidewalk.  The .38 was fully loaded.  Morris’s girlfriend testified that the
skinny robber took Morris’s cell phone from the house.  The arresting officer
testified that Holland had a cell phone in his possession when he was
arrested.  Morris’s girlfriend testified that, after the police brought Holland back to the residence, someone called Morris’s cell phone number and the cell
phone in Holland’s pocket rang.  An officer testified that Holland had $325 in
cash in his pockets when he was arrested.

          The corroborating evidence tends to
connect Holland with the offense.  Having determined that Monroe’s testimony
was sufficiently corroborated, we now consider Holland’s legal and factual
insufficiency claims.  We review legal sufficiency by viewing all of the
evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  We review factual sufficiency
by considering all of the evidence in a neutral light to determine whether a
jury was rationally justified in finding guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).

          In addition to the corroborating
evidence above, the State presented the testimony of an accomplice witness.  Monroe testified that he and Holland committed the robbery.  He testified that he and Holland planned to rob the people in the house and take their “dope.”  Holland told Monroe that he had been to the house a couple of weeks before the robbery and thought it
would contain money and drugs.[1] 
According to Monroe, the guns used in the robbery were provided by Holland’s brothers.  Monroe testified that he and Holland used the guns to intimidate the
persons inside and took money from the house.  He testified that they took a
cell phone, but that it was taken from someone outside the house.  He described
the clothes that Holland wore during the robbery: black leather jacket, dark
pants, and blue Nikes.  He could not recall what color Holland’s gloves were. 
He testified that Holland told him to throw the pistols out the car window.  He
testified that when they stopped the car, he said to Holland, “Man, let’s go.” Holland replied “I ain’t going nowhere.  I didn’t do nothing.”  Monroe then fled the scene.

            Considering all of the
evidence—including the accomplice witness’ testimony and the corroborating
evidence—the jury could rationally have found Holland guilty beyond a
reasonable doubt.  The evidence is legally and factually sufficient to sustain
the verdict.

CONCLUSION

          Having overruled the issues, we affirm
the judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed July 6, 2005

Do
not publish

[CRPM]









    [1]       A
witness for the State identified Holland as a person who had been at the house
approximately two weeks before the robbery.